IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel J Perry and Amanda L Perry[1], | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6:20-cv-3088-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer Justin Romero, Officer Higerada, and Sgt K Boyd, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Daniel J Perry, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 9). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the action without leave to amend and without issuance or service of process. (ECF No. 8). The Report was mailed to Plaintiff at the address she provided the court, (ECF No. 10), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 8 at 9), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

---

[1] Plaintiff also names his wife, Amanda L Perry, as a Plaintiff in this action and seeks to bring a claim on her behalf. However, Mrs. Perry has not signed the pleadings in this case nor do the allegations in the Complaint state a claim for which Mrs. Perry would be entitled to relief. *See* (ECF No. 1). Furthermore, as the magistrate judge correctly noted, Plaintiff lacks standing to bring a *pro se* claim on his wife's behalf. *See, e.g.*, *Myers v. Loudon Co. Pub. Sch*., 418 F.3d 395, 400 (4th Cir. 2005) (holding that "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others* (emphasis in original)); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (noting that a *pro se* plaintiff's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant" to redress injury to others). Thus, to the extent Plaintiff seeks to state a claim on behalf of his wife, Mrs. Perry, such claim is dismissed.

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 8), which are incorporated herein by reference. Therefore, this case is **DISMISSED with prejudice** and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 29, 2020

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.